UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1474-FMO (KKx) | Date | **March 3, 2022** |
|---|---|---|---|
| Title | **Jennifer Berg v. Crystal Pruitt et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal

On February 3, 2022, plaintiff Jennifer Berg ("plaintiff") filed the operative First Amended Complaint ("FAC") against Hi-Desert Medical Center ("Hi-Desert") and Loma Linda University Medical Center ("Loma Linda"). (Dkt. 45, FAC at ¶¶ 10-11). Subject matter jurisdiction is premised on federal question jurisdiction, (id. at ¶ 1), which is based on plaintiff's claim alleging a violation of the Emergency Medical Treatment & Labor Act ("EMTLA"), 42 U.S.C. § 1395dd. (Id.). The EMTLA claim is asserted against only Hi-Desert. (See id. at ¶¶ 41-48). With respect to the remaining state law claims, plaintiff asserts that the court has supplemental jurisdiction. (Id.); 28 U.S.C. § 1367. In their Rule 26(f) Report, the parties state that they "have stipulated to a motion to remand this case to State Court." (See Dkt. 46, Rule 26(f) Report at 3); (see id. 5) ("The Parties are currently circulating a motion to remand this case out of Federal Court and into the California Superior Court. The Parties have stipulated and agreed to remand this matter to the Superior Court of California in the County of San Bernardino.").

On February 24, 2022, the court dismissed Hi-Desert from this action pursuant to the parties' stipulation. (See Dkt. 50, Court's Order of February 24, 2022). Given Hi-Desert's dismissal, there is no longer a federal claim in the case. Under the circumstances, the court is not inclined to exercise supplemental jurisdiction over the remaining state law claims, and will dismiss this action without prejudice. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."); id. ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, IT IS ORDERED THAT:

1. Any party or parties objecting to dismissal without prejudice of this action shall file a response no later than **March 11, 2022**.

2. Failure to file a response by the deadline set forth above shall result in this action being dismissed without prejudice. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |